UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                           Civil No.

    vs.

$48,850.00 UNITED STATES CURRENCY,

          Defendant.
_____/

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW COMES Plaintiff, United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### **NATURE OF THE ACTION**

1.    This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $48,850.00 United States Currency (the "Defendant Currency").

### **THE DEFENDANT IN REM**

2.    The Defendant Currency consists of $48,850.00 in United States currency that was seized on or about September 19, 2020 by the Drug Enforcement Administration (DEA) in Grand Rapids, Michigan. The Defendant Currency is currently in the custody of the DEA.

1

## JURISDICITON AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5.      As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6.      On September 19, 2020, Shea Russ and Rychard Kozminske were booked to travel on United Airlines flight 5373 from Grand Rapids, Michigan to Medford, Oregon.

7.      Oregon is a source state for marijuana in the United States.

8.      DEA agents located Russ and Kozminske seated in the gate area of their scheduled United Airlines flight at the Gerald R. Ford International Airport in Grand Rapids, Michigan.

9.      DEA agents obtained consent from Russ to search a satchel that was on his shoulder.

10.     Inside the satchel, agents found the Defendant Currency, consisting of multiple denominations, worn from use, separated in multiple bundles, and rubber banded together with different colored rubber bands.

11.     During an interview, Russ stated that he was traveling to Oregon to purchase property on a land contract with the money, but Russ could not provide an address, a description of the property, or photos of the property.

12.     Russ also stated that a family member found the property for Russ, and that he was going to purchase a vehicle that came with the property, but Russ could not provide any details regarding the vehicle.

13.     Russ stated that he was planning to meet his cousin upon his arrival in Oregon, but Russ was unable to provide the name of the cousin or the cousin's phone number.

14.     Russ further stated that he had recently inherited $80,000 from his grandmother's will.

15.     Kozminske stated that he was unaware of why he and Russ were traveling to Oregon.

16.     DEA agents heard Russ tell Kozminske to tell agents that they were

3

traveling to Oregon to purchase property on a land contract.

17.     DEA agents seized the Defendant Currency and provided Russ with a copy of a DEA-12 receipt.

18.     On September 21, 2020, a Michigan State Police (MSP) drug-detecting canine positively alerted to the Defendant Currency for the odor of a controlled substance.

19.     On February 10, 2021, Kozminske told DEA agents that he has previously purchased approximately 50 to 60 pounds of marijuana and marijuana concentrate from Russ. On one occasion, Kozminske paid Russ $20,000 for 20 pounds of marijuana. Kozminske further stated that he distributed marijuana he purchased from Russ to other customers, mainly on the campus of Western Michigan University in Kalamazoo, Michigan, within this judicial district.

20.     On February 10, 2021, Kozminske also told DEA agents that while he was in Oregon with Russ, they never looked at any property. Kozminske further expressed his belief it was a "cover story" for when they were confronted by DEA agents at the airport. Instead, according to Kozminske, while he was in Oregon with Russ, they met with an individual he knew as "Homie," smoked marijuana together, and discussed purchasing marijuana after "Homie" showed them pictures of marijuana.

21.     Kozminske also stated that Russ was manufacturing over 100 marijuana plants, but never personally saw the marijuana plants and only purchased finished marijuana product from Russ.

22.     Marijuana is a Schedule I controlled substance under federal law. Accordingly, the manufacture, possession, possession with intent to distribute, and distribution of marijuana, or an attempt or conspiracy to engage in such activity, is illegal under federal law. The Michigan Medical Marijuana Act (MMMA), codified at MCL § 333.26421 *et seq.*, and the Michigan Regulation and Taxation of Marihuana Act (MRTMA), codified at MCL § 333.27951 *et seq.*, provide no defense or protection to the illegal manufacture, possession, possession with intent to distribute, and distribution of marijuana, or an attempt or conspiracy to engage in such activity, under federal law, even if an individual is in technical compliance with state law.

23.     Notwithstanding that marijuana remains a Schedule I controlled substance under federal law, upon information and belief, Russ is not licensed or authorized under Michigan law to operate as a marijuana retailer; marijuana safety compliance facility; marijuana secure transporter; marijuana processor; marijuana microbusiness; or marijuana grower authorized to cultivate any quantity of marijuana plants.

24.     Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

## CLAIM I

25.     Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

26.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be

furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

27.    Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

28.    The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

29.    Plaintiff hereby re-alleges paragraphs 1 – 24, as referenced above.

30.    The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the United States Drug Enforcement Administration for disposition according to law; and for such other relief as this Court may deem just and proper.

ANDREW BYERLY BIRGE
United States Attorney

Dated: March 16, 2021

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Special Agent of the United States Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _3/15/2021_

BRIAN SLATE
Special Agent
Drug Enforcement Administration

8